IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS CANO, | } | |
| | } | No. 06 C 5447 |
| Plaintiffs, | } | |
| v. | } | Jury Demanded |
| | } | |
| CICERO POLICE OFFICER HERRIG, | } | Judge Blanche M. Manning |
| CICERO SERGEANT POLK, and the TOWN | } | |
| OF CICERO, | } | Magistrate Judge Mason |
| | } | |
| Defendants. | } | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## SECOND AMENDED COMPLAINT

The Defendants, the Town of Cicero (the "Town"), Cicero Police Officer Herrig

("Herrig"), and Cicero Sergeant Polk ("Polk") by their attorneys, George S. Spataro, K. Austin

Zimmer, and Holly L. Tomchey, of GIGLIO & DEL GALDO, LLP, in answer to the Plaintiff's

Second Amended Complaint, state as follows:

### Introduction

1.      This action is brought pursuant to 42 U.S.C. Section 1983, to redress deprivation under color of law of Cano's rights as secured by the Constitution of the United States of America, and contains some attendant state claims.

**ANSWER: Defendants admit that Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and that the action contains two State law claims, but deny Plaintiff was deprived of his rights secured by the Constitution of the United States of America and/or State law and deny many allegations contained in the action.**

2.      Specifically, as a result of police misconduct and abuse more fully described below, Cano alleges that Defendant Officers, acting under the color of law, unlawfully battered and assaulted Cano with excessive force.

**ANSWER:  Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint.**

1

**Jurisdiction and Venue**

3.      This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367.

**ANSWER:  Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint.**

4.      Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois. All parties to the case reside within the Northern District of Illinois.

**ANSWER: Defendants admit that venue is proper under 28 U.S.C. § 1391(b).  Defendants deny many of the events alleged in the Amended Complaint, but Defendants admit that Plaintiff and Herrig and Polk (Herrig and Polk hereinafter defined as the "Individual Officer Defendants") interacted on or about October 17, 2005 in the Northern District of Illinois.  Defendants lack sufficient information to admit or deny the truth of the allegation that all parties to the case reside within the Northern District of Illinois.  Defendants deny all allegations not specifically admitted.**

**Parties**

5.      Plaintiff Cano resides at 2212 S. 50th Avenue, Cicero, Illinois 60804.

**ANSWER: Defendants lack sufficient information to admit or deny the truth of the allegations contained in paragraph 5 of the Amended Complaint.  Defendants deny all allegations not specifically admitted.**

6.      Defendant Officers Herrig and Polk are present or former employees of the Cicero Police Department. At all times relevant, Defendant Officers acted under their authority as duly appointed police officers and sergeant of the Cicero Police Department.

**ANSWER:  Defendants admit that Herrig and Polk are present or former employees of the Cicero Police Department.  Defendants deny Plaintiff's rendition of the events of October 17, 2005.  Defendants admit that Individual Officer Defendants acted under their authority as a duly appointed police officer and sergeant, respectively, of the Cicero Police Department with respect to their interactions with Plaintiff.  Defendants deny all allegations not specifically admitted.**

7.      Defendant Town of Cicero is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. The Town of Cicero was and is the public employer of the Defendant Officers.

**ANSWER:  Defendants admit that the Town is a municipal corporation organized under**

the laws of the State of Illinois. Defendants submit that the statement – "it is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby"- is a legal conclusion and warrants no answer. Defendants admit that the Town was and is the public employer of the Defendant Officers. Defendants deny all allegations not specifically admitted.

## Background

8.      On or about October 17, 2005, Defendant Officers Herrig and Polk responded to 2625 S. Cicero Avenue, Cicero, Illinois on a report of someone sleeping in a car.

**ANSWER: Defendants admit the allegations contained in paragraph 8 of the Amended Complaint.**

9.      Defendant Officers Herrig and Polk found Cano asleep and attempted to wake him up.

**ANSWER: Defendants admit the allegations contained in paragraph 9 of the Amended Complaint.**

10.      Defendant Officers, without lawful justification or any provocation, grabbed Cano and pulled him from his vehicle.

**ANSWER: Defendants deny the allegations contained in paragraph 10 of the Amended Complaint.**

11.      Defendant Officers took turns punching, kicking and slapping Cano. Defendant Officers then took Cano and slammed him against the car, and then slammed him to the ground.

**ANSWER: Defendants deny the allegations contained in paragraph 11 of the Amended Complaint.**

12.      As a result of this unlawful and unjustified beating, Cano suffered various injuries, including lacerations to his head, bruises, cuts and abrasions to various parts of his body.

**ANSWER: Defendants deny the allegations contained in paragraph 12 of the Amended Complaint.**

13.      In an attempt to cover up there own conduct, the officers sworn out false misdemeanor complaints alleging that Cano: 1) resisted arrest; 2) battered Sgt. Polk; 3) battered Ofc. Herrig; and 4) criminally damaged property.

**ANSWER: Defendants deny the allegations contained in paragraph 13 of the Amended Complaint.**

14.     Defendant was arrested, and was kept in jail overnight until he posted a $500 bond.

**ANSWER:     Defendants admit the allegations contained in paragraph 14 of the Amended Complaint.**

15.     Defendants Polk and Herrig fabricated police reports in an attempt to bolster their false sworn complaints. Defendants continued to lie to prosecutors about the circumstances of this incident in an attempt to gain a criminal conviction of Plaintiff for the four misdemeanor charges.

**ANSWER:  Defendants deny the allegations contained in paragraph 15 of the Amended Complaint.**

16.     After various continuances, the jury trial in Plaintiffs misdemeanor cases began on Monday, March 26, 2007 at the Maywood courthouse in Cook County. During this time, Plaintiff continued to remain under the restrictions associated with pre-trial conditions of bond (i.e. requesting permission to leave the state). During the trial, both Defendant Officers testified falsely under oath. Following the two-day jury trial, Defendant was found not guilty of the four misdemeanor charges, indicative of the jury's belief that the officers lied.

**ANSWER:     Defendants admit that Cano was found not guilty of the misdemeanor charges.  Defendants do not have any knowledge whether Cano complied with the conditions of his bond.  Defendants deny the remaining allegations contained in paragraph 16 of the Amended Complaint.**

## Causes of Action

Count 1—Excessive Force, 42 USC Section 1983

17.     Cano realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:  Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 16 of the Amended Complaint as though set forth in this paragraph 17 of their Answer to the Amended Complaint in their entirety.**

18.     As described above, the acts of Defendant Officers were a deliberate and malicious deprivation of Cano's constitutional rights against excessive force as guaranteed Cano by the Fourth Amendment of the Constitution and made applicable to the state by the Fourteenth Amendment.

**ANSWER: Defendants deny the allegations contained in paragraph 18 of the Amended Complaint.**

19.     The force used against Cano by Defendant Officers was unnecessary, unprovoked, unlawful and excessive.

**ANSWER: Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.**

20.     This misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Cano's rights.

**ANSWER: Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.**

21.     Defendant Officers acted with willful, wanton, and reckless indifference to Cano's rights.

**ANSWER: Defendants deny the allegations contained in paragraph 21 of the Amended Complaint.**

22.     As a result of the unreasonable and unjustifiable excessive force used by Defendant Officers, Cano suffered physical and emotional injuries, and other damages in violation of 42 USC Section 1983.

**ANSWER: Defendants deny the allegations contained in paragraph 18 of the Amended Complaint.**

23.     The misconduct described was undertaken by Defendant Officers within the scope of their employment, and under color of law such that their employer, Town of Cicero is liable for their actions.

**ANSWER: Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.**

24.     **WHEREFORE, Defendants move to dismiss Count 1 in its entirety.**


Count 2—Failure to Intervene, 42 USC Section 1983

25.     Cano realleges and incorporates all of the allegations in preceding paragraphs.

**ANSWER:  Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 25 of the Amended Complaint as though set forth in this paragraph 25 of their Answer to the Amended Complaint in their entirety.**

26.     Each of the Defendant Officers had a reasonable opportunity to prevent the other Defendant Officer from using excessive force against Plaintiff, but failed to do so.

**ANSWER: Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.**

27.     As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

**ANSWER: Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.**

28.     This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Cano.

**ANSWER: Defendants deny the allegations contained in paragraph 28 of the Amended Complaint.**

29.     This misconduct was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Town of Cicero, is liable for their actions.

**ANSWER: Defendants deny the allegations contained in paragraph 29 of the Amended Complaint.**

30.     **WHEREFORE, Defendants move to dismiss Count 2 in its entirety.**

Count 3—Denial of Medical Attention, 42 USC Section 1983

31.     Despite having actual knowledge of his serious medical condition, the Defendant Officers failed to provide Plaintiff with medical attention.

**ANSWER: Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.**

32.     In this manner, the conduct of the Defendant Officers evinced a deliberate indifference to Plaintiffs objectively serious medical needs.

**ANSWER: Defendants deny the allegations contained in paragraph 32 of the Amended Complaint.**

33.     This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Cano.

**ANSWER: Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.**

34. This misconduct was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Town of Cicero, is liable for their actions.

**ANSWER: Defendants deny the allegations contained in paragraph 34 of the Amended Complaint.**

35. **WHEREFORE, Defendants move to dismiss Count 3 in its entirety.**

Count 4—State Law Claim Assault

36. Cano realleges and incorporates by reference all of the allegations in the preceding paragraph.

**ANSWER: Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 35 of the Amended Complaint as though set forth in this paragraph 36 of their Answer to the Amended Complaint in their entirety.**

37. The Defendant Officers intentionally created an apprehension of immediate physical harm by means of various overt gestures intended to cause fear of harmful touching.

**ANSWER: Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.**

38. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness and reckless indifference to Cano's rights.

**ANSWER: Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.**

39. As a result of this conduct, Plaintiff sustained emotional injuries.

**ANSWER: Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.**

40. **WHEREFORE, Defendants move to dismiss Count 4 in its entirety.**

Count 5- State Law Battery Claim

41. Cano realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER: Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 40 of the Amended Complaint as though set forth in this paragraph 41 of their Answer to the Amended Complaint in their entirety.**

42. Defendant Officers intentionally, harmfully, and offensively touched Cano by

kicking him, punching him, slapping him, throwing him against a car, and throwing him to the ground.

**ANSWER: Defendants deny the allegations contained in paragraph 42 of the Amended Complaint.**

43.     This conduct was undertaken intentionally with malice, willfulness and reckless indifference to Cano's rights.

**ANSWER: Defendants deny the allegations contained in paragraph 43 of the Amended Complaint.**

44.     As a result of this conduct, Cano suffered various physical and emotional injuries.

**ANSWER: Defendants deny the allegations contained in paragraph 44 of the Amended Complaint.**

45.     **WHEREFORE, Defendants move to dismiss Count 5 in its entirety.**

Count 6-Unlawful Seizure

46.     Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER: Defendants re-allege and incorporate by reference their answers to paragraphs 1 through 45 of the Amended Complaint as though set forth in this paragraph 46 of their Answer to the Amended Complaint in their entirety.**

47.     As described above, Defendant Officers conspired among themselves and falsely arrested and detained Plaintiff without justification and without probable cause thus violating plaintiffs rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

**ANSWER: Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.**

48.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: Defendants deny the allegations contained in paragraph 48 of the Amended Complaint.**

49.     Defendants swore out complaints containing false information. Defendants were aware that these complaints were entirely false.

**ANSWER: Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.**

50.     Defendant knew these complaints to be false.

**ANSWER: Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.**

51.     By this conduct, Defendants caused the unlawful detention of Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.**

52.     As a direct and proximate result of the wrongful actions of Defendants Plaintiff suffered mental, emotional and physical damage and traumas, humiliation, loss of liberty, mental distress and anguish, and actual damages in the form of extensive legal fees.

**ANSWER: Defendants deny the allegations contained in paragraph 52 of the Amended Complaint.**

**WHEREFORE, Defendants move to dismiss Count 6 in its entirety.**

Count 7-Monell Claim

53.     It is the custom and practice of the City of Cicero and the Cicero Police Department to allow officers to cover-up "mistakes" that might result in civil complaints against those officers.

**ANSWER: Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.**

54.     It is further the custom and practice of the City of Cicero and the Cicero Police Department to allow officers to create false confidential informants and other unprovable "evidence" to form the bases for unlawful searches and seizures.

**ANSWER: Defendants deny the allegations contained in paragraph 54 of the Amended Complaint.**

55.     The actions of Defendants, as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of the Defendant City of Cicero and its Police Department.

**ANSWER: Defendants deny the allegations contained in paragraph 55 of the Amended Complaint.**

56.     At all times material to this complaint, Defendant City, its Police Department, and its Detective Division, had interrelated *de facto* policies, practices, and customs which included:

a) silently condoning the use of false information to form the basis for probable cause for searches and seizures;

b) condoning the use of false information to form the basis for misdemeanor complaints;

c) condoning the use of excessive force when encountering "suspects" in high crime areas;

d) the filing of false reports, and giving false statements and testimony about said use of excessive force when it is believed that said force might result in civil complaints; and fabricating parts or all of statements, suppressing evidence concerning said excessive force incidents, pursuing and obtaining wrongful prosecutions and false imprisonments on the basis of false statements, and otherwise covering up the true nature of said excessive force incidents

e) the planting of evidence and creation of false charges as a means to leverage against the possibility of excessive force civil complaints;

f) the failure to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control police officers, particularly those who are repeatedly accused of excessive force, false arrests, wrongful imprisonments, malicious prosecutions and wrongful convictions;

g) the police code of silence, specifically in cases where officers engaged in the violations articulated in paragraphs a-d above, particularly unconstitutional and coercive interrogations police officers refuse to report or otherwise cover-up instances of police misconduct, and/or the fabrication, suppression and destruction of evidence of which they are aware, despite their obligation under the law and police regulations to do so. Said code of silence also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges, and perjuring themselves in criminal cases where they and their fellow officers have beaten, and/or false imprisoned a suspect, arrestee or witness; and

h) covering up and suppressing evidence and findings, refusing to properly investigate, arrest and charge, and otherwise obstructing justice in police abuse cases.

**ANSWER: Defendants deny all the allegations contained in paragraph 56 (a) – (f) of the Amended Complaint.**

57.     Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, encouraged, *inter alit,,* the beating of certain "suspects" in certain high crime areas, the attempt to cover-up said beatings by falsely charging resisting arrest, and the further covering-up of said charges by planting drugs, the suppression of evidence of abuse and other exculpatory evidence, the intimidation of witnesses, the making of false statements and reports, the giving of false testimony, and the pursuit and continuation of wrongful convictions and false imprisonments, and were, separately and together, a direct and proximate cause of the unconstitutional acts committed by the named Defendants and their co-conspirators, and the injuries suffered by the Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 57 of the Amended Complaint.**

58.     Additionally, said failure to properly train, discipline, monitor, control, assign, transfer, supervise, and counsel Defendants was also done with deliberate indifference and likewise acted as a direct and proximate cause of the injuries to Plaintiff.

**ANSWER: Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.**

Count 8 —Respondeat Superior

59.     Cano realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER: On April 19, 2007, Judge Manning dismissed this Count and ruled that *respondeat superior* "does not create a right of action against the municipality directly." Accordingly, Count VIII must be dismissed.**

60.     In committing the acts alleged, Defendant Officers were members and agents of the Cicero Police Department, acting at all relevant times within the scope of their employment.

**ANSWER: On April 19, 2007, Judge Manning dismissed this Count and ruled that *respondeat superior* "does not create a right of action against the municipality directly." Accordingly, Count VIII must be dismissed.**

61.     Defendant Cicero is the employer of the Defendant Officers.

**ANSWER: On April 19, 2007, Judge Manning dismissed this Count and ruled that *respondeat superior* "does not create a right of action against the municipality directly." Accordingly, Count VIII must be dismissed.**

62.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER: On April 19, 2007, Judge Manning dismissed this Count and ruled that *respondeat superior* "does not create a right of action against the municipality directly." Accordingly, Count VIII must be dismissed.**

63.     As a proximate cause of Defendant Officer's unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

**ANSWER: On April 19, 2007, Judge Manning dismissed this Count and ruled that *respondeat superior* "does not create a right of action against the municipality directly."**

**Accordingly, Count VIII must be dismissed.**

64.     **WHEREFORE, Defendants move to dismiss Count 8 in its entirety.**

## THE TOWN OF CICERO'S AFFIRMATIVE DEFENSES

The Town asserts the following affirmative defenses to Plaintiff's claims as set forth above:

1.  Under the Illinois Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Town (a local public entity), is not liable if its employees or agents are not liable to the Plaintiff.  745 ILCS 10/2-109.  Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

2.  Under the Tort Immunity Act, the Town (a local public entity) is not liable because a public employee is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.  Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

3.  Under the Tort Immunity Act, the Town (a local public entity) is not liable because a public employee is not liable for his/her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.  Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

4.  Under the Tort Immunity Act, the Town (a local public entity) is not liable because the Individual Officer Defendants exercised discretion on a non-ministerial matter and are not liable for any resulting injuries.  745 ILCS 10/2-201. Accordingly, Plaintiff's claims against the Town of Cicero are barred, in whole or in part, by the Tort Immunity Act.

5.  In Section 1983 litigation there is no *respondeat superior* liability because no official

policy or custom of the Town was the cause of any of Plaintiff's alleged constitutional violations, Plaintiff's claims against Cicero are barred, in whole or in part, by *Monell v. Dep't. of Soc.  Services of the City of New York,* 436 U.S. 658 (1978).

6. Probable cause existed for the arrest of Plaintiff.  Plaintiff's combative behavior and assault and battery of the Individual Officer Defendants necessitated the use of legal force to subdue and handcuff Plaintiff so that Plaintiff would not continue to pose a threat to Herrig and Polk and himself.  Thereafter, Plaintiff was taken to McNeal hospital for treatment.  Accordingly, Plaintiff's claims against Individual Officer Defendants are barred, in whole or in part.

7. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case, and, if Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then Plaintiff must be barred from recovery herein.

WHEREFORE, the Town of Cicero requests judgment in its favor and against Plaintiff with costs assessed against Plaintiff and in favor of the Town of Cicero.

## AFFIRMATIVE DEFENSES OF INDIVIDUAL OFFICER DEFENDANTS

Individual Officer Defendants, Herrig and Polk, assert the following affirmative defenses to Plaintiff's claims as set forth above:

1. At all relevant times, both Herrig and Polk acted as Police Officers for the Town and are entitled to qualified immunity for their actions, as they were not acting in their individual capacities.

2. Under the Illinois Governmental Employee Tort Immunity Act ("Tort Immunity Act"), neither Herrig nor Polk are not liable because a public employee is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204. Accordingly, Plaintiff's claims against Herrig and Polk are barred, in whole or in part, by the Tort Immunity Act.

3. Under the Tort Immunity Act, neither Herrig nor Polk is liable because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202.  Accordingly, Plaintiff's State law claims against Herrig and Polk are barred, in whole or in part, by the Tort Immunity Act.

4. Under the Tort Immunity Act, both Herrig and Polk exercised discretion on a non-ministerial matter and are not liable for any resulting injuries.  745 ILCS 10/2-201. Accordingly, Plaintiff's State law claims against Herrig and Polk are barred, in whole or in part, by the Tort Immunity Act.

5. Under *Monell v. Dep't. of Soc.  Services of the City of New York,* 436 U.S. 658 (1978), Plaintiff's Section 1983 claims against the Individual Officer Defendants in their official capacities are bared because no official policy or custom of the Town was the cause of

any of Plaintiff's alleged constitutional violations.

6.  Probable cause existed for the arrest of Plaintiff. Plaintiff's combative behavior and assault and battery of the Individual Officer Defendants necessitated the use of legal force to subdue and handcuff Plaintiff so that Plaintiff would not continue to pose a threat to Herrig and Polk and himself. Thereafter, Plaintiff was taken to McNeal hospital for treatment. Accordingly, Plaintiff's claims against Individual Officer Defendants are barred, in whole or in part.

7.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case, and, if Plaintiff's fault is determined to exceed fifty percent (50%) of the total cause, then Plaintiff must be barred from recovery herein.

WHEREFORE, Herrig and Polk request judgment in their favor and against Plaintiff with costs assessed against Plaintiff and in favor of the Individual Officer Defendants.

Respectfully submitted,
Giglio & Del Galdo, LLP

*/s/ K. Austin Zimmer*
K. Austin Zimmer, Esq., One of the Attorneys for the Defendants

K. Austin Zimmer
GIGLIO & DEL GALDO, LLP.
Attorney No. 6276227
10526 W. Cermak Road, Suite 300
Westchester, IL 60154
Tel. (708) 531-8800